UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                   Chapter 13

Patrick A. Rugiero,                                      Case No. 11-42088-PJS

      Debtor.                                          Hon. Phillip J. Shefferly
_____/


**ORDER DENYING MOTION FOR RECONSIDERATION OF ORDER
DENYING DEBTOR'S MOTION TO ENFORCE THE AUTOMATIC STAY**


On January 28, 2011, the Debtor filed this Chapter 13 case. Early in the case, the Debtor filed a motion to enforce the automatic stay. The motion alleged that the Debtor and Antonietta DiNardo were parties to a child custody dispute in the Wayne County Circuit Court, and that the Wayne County Circuit Court had entered an order on February 14, 2011 after the Debtor's bankruptcy case was filed. That order determined that attorney fees that were previously awarded by the Wayne County Circuit Court against the Debtor and in favor of DiNardo constituted a non-dischargeable debt in the Debtor's bankruptcy case under § 523(a)(5) of the Bankruptcy Code. The Debtor's motion requested that the Court find that the order entered by the Wayne County Circuit Court on February 14, 2011 violated the automatic stay of § 362(a) of the Bankruptcy Code and, therefore, must be voided. DiNardo responded by asserting, inter alia, that an exception to the automatic stay contained in § 362(b)(2)(A)(ii) of the Bankruptcy Code applies because the proceeding in the Wayne County Circuit Court is a civil action or proceeding for the establishment or modification of an order for a domestic support obligation. DiNardo further argued that because this exception to the automatic stay applies, the Wayne County Circuit Court was free to proceed to exercise its concurrent jurisdiction to determine that the attorney fees that it had previously

awarded are non-dischargeable in the Debtor's bankruptcy case under § 523(a)(5) of the Bankruptcy Code. On March 4, 2011, the Court held a hearing and determined to deny the Debtor's motion. The Court explained its reasons on the record, including that it adopted the reasoning in Moxon v. Findling (In re Moxon), No. 05-74864, 2006 WL 846960 (E.D. Mich. Mar. 31, 2006). Basically, the Court agreed with DiNardo that the exception to the automatic stay under § 362(b)(2)(A)(ii) of the Bankruptcy Code applies in this case, and that the Wayne County Circuit Court properly exercised its concurrent jurisdiction to determine the awarded attorney fees to be non-dischargeable under § 523(a)(5) of the Bankruptcy Code. Finally, the Court concluded that the Rooker-Feldman doctrine prevents this Court from reviewing the decision of the Wayne County Circuit Court finding the debt to be non-dischargeable under § 523(a)(5) of the Bankruptcy Code. On March 4, 2011, the Court entered an order denying the Debtor's motion to enforce the automatic stay.

On March 18, 2011, the Debtor filed a motion for reconsideration. The Debtor's motion makes four arguments. First, the Debtor argues that DiNardo does not have standing as a creditor in the Debtor's bankruptcy case because, the Debtor argues, the Wayne County Circuit Court directed the Debtor to pay the awarded attorney fees directly to DiNardo's law firm, Jaffe, Raitt, Heuer & Weiss. However, a review of the Wayne County Circuit Court orders demonstrates that the Debtor is mistaken. The May 24, 2010 order of the Wayne County Circuit Court plainly stated that the Debtor must "pay an additional $20,000.00 *of Defendant's interim attorney fees* . . . to the law firm of Jaffe, Raitt, Heuer & Weiss" (emphasis added). The November 30, 2010 order of the Wayne County Circuit Court again directed the Debtor to "pay the further amount of $80,000.00 to Defendant's attorney *for Defendant's attorney fees and costs*" (emphasis added). The February 14, 2011 order of the Wayne County Circuit Court, which held the attorney fees to be non-dischargeable

in the Debtor's bankruptcy case under § 523(a)(5) of the Bankruptcy Code, clearly described the prior Wayne County Circuit Court orders as "awarding attorney fees *to Defendant* by Plaintiff" (emphasis added). It is beyond dispute that the Wayne County Circuit Court awarded attorney fees *to* DiNardo, even though the language of the orders may also have required the Debtor to make the payments directly to the law firm of Jaffe, Raitt, Heuer & Weiss for application to DiNardo's attorney fees incurred with that law firm. The Court rejects the Debtor's argument that DiNardo lacks standing as a creditor in the Debtor's bankruptcy case.

The Debtor's second argument is that Judge Kathleen M. McCarthy, the Wayne County Circuit Court judge presiding in the child custody action between DiNardo and the Debtor, should be disqualified from that action because of some perceived conflict. The Debtor has already raised this argument unsuccessfully in the Wayne County Circuit Court. If the Debtor believes that the Wayne County Circuit Court's decision to deny the motion to disqualify was made in error, the Debtor's remedy is to appeal to the Michigan Court of Appeals, not to seek this Court's review. The Rooker-Feldman doctrine prevents this Court from reviewing that decision.

Third, the Debtor argues that the attorney fees awarded by the Wayne County Circuit Court are neither owed to DiNardo nor recoverable by DiNardo. This is an important issue because the exception to the automatic stay under § 362(b)(2)(A)(ii) of the Bankruptcy Code only applies to civil actions or proceedings for the establishment or modification of an order for domestic support obligations. The Court explained on the record on March 4, 2011 why the Court views the orders of the Wayne County Circuit Court as a domestic support obligation. The Court noted that a review of those orders shows that the attorney fees awarded are owed to and recoverable by DiNardo. This is an essential element of a domestic support obligation under § 101(14A)(A) of the Bankruptcy

Code. Similar to the Debtor's argument that DiNardo lacks standing as a creditor in the Debtor's bankruptcy case, the Debtor now argues that the attorney fees awarded by the Wayne County Circuit Court are neither owed to nor recoverable by DiNardo. Again, the Debtor is mistaken. The orders of the Wayne County Circuit Court could not be more clear. The attorney fees were awarded *to* DiNardo, even though the orders also required the Debtor to make payments of the awarded attorney fees directly to DiNardo's law firm, Jaffe, Raitt, Heuer & Weiss. The fact that the payments were required to be made by the Debtor directly to the law firm does not mean that these attorney fees are not owed to or recoverable by DiNardo.

Finally, the Debtor argues that the attorney fees awarded by the Wayne County Circuit Court are not in the nature of support. The consequence, according to the Debtor, is that the awarded attorney fees are not a domestic support obligation as defined in § 101(14A) of the Bankruptcy Court and, therefore, the exception to the automatic stay under § 362(b)(2)(A)(ii) of the Bankruptcy Code does not apply. The Court is not persuaded. At the hearing on March 4, 2011, the Court explained why the Court views the awarded attorney fees as a domestic support obligation under § 101(14A) of the Bankruptcy Code and why the Wayne County Circuit Court action regarding the attorney fees is within the exception to the automatic stay of § 362(b)(2)(A)(ii) of the Bankruptcy Code. In reaching its decision, the Court carefully reviewed the opinions entered by the Wayne County Circuit Court on March 24, 2010 and November 30, 2010. Those opinions demonstrate that the Wayne County Circuit Court considered both the ability of DiNardo to pay the attorney fees incurred by her in the Wayne County Circuit Court action and the ability of the Debtor to pay the attorney fees incurred. The Wayne County Circuit Court expressly considered the financial resources of both of those parties. Further, the Wayne County Circuit Court cited to case law in

Michigan that supports an award of attorney fees if necessary to enable a party to prosecute or defend a domestic relations action. The cases cited by the Wayne County Circuit Court in its opinions persuade the Court that the awarded attorney fees are in the nature of support and, therefore, constitute a domestic support obligation in the Debtor's bankruptcy case.

Local Bankruptcy Rule 9024-1(a)(3) sets forth the criteria for this Court to apply to a motion for reconsideration. That rule provides that a motion for reconsideration that merely presents the same issues ruled upon by the Court, either expressly or by reasonable implication, will not be granted. The rule further provides that the moving party must demonstrate that a palpable defect has occurred by which the Court and the parties have been misled, and that a different disposition of a case must result from a correction of that defect. The Debtor's motion for reconsideration in this case does not meet that standard. None of the arguments advanced by the Debtor demonstrate a palpable defect. At the hearing on March 4, 2011, the Court found that the attorney fees awarded by the Wayne County Circuit Court constitute a domestic support obligation under § 101(14A) of the Bankruptcy Code. The orders of the Wayne County Circuit make clear that the attorney fees are owed to or recoverable by DiNardo. DiNardo is a parent of a child of the Debtor. The attorney fees awarded are in the nature of support (see Goans v. Goans (In re Goans), 271 B.R. 528, 534 (Bankr. E.D. Mich. 2001)). The awarded attorney fees are established by an order of the Wayne County Circuit Court. All of the elements of a domestic support obligation under § 101(14A) of the Bankruptcy Code are present. Therefore, the exception to the automatic stay set forth in § 362(b)(2)(A)(ii) of the Bankruptcy Code applies. The Wayne County Circuit Court has concurrent jurisdiction to determine whether or not the automatic stay exception of § 362(b)(2)(A)(ii) of the Bankruptcy Code applies to the proceeding before it. See Chao v. Hospital Staffing Services, Inc.,

270 F.3d 374, 383-84 (6th Cir. 2001). Once the Wayne County Circuit Court made the determination that the automatic stay did not apply to the proceeding before it, and that the exception under § 362(b)(2)(A)(ii) of the Bankruptcy Code is applicable, the Wayne County Circuit Court had concurrent jurisdiction to determine whether or not the attorney fees that it had awarded against the Debtor and in favor of DiNardo constitute a non-dischargeable debt under § 523(a)(5) of the Bankruptcy Code in the Debtor's bankruptcy case. The Wayne County Circuit Court's order of February 14, 2011 did just that. The Rooker-Feldman doctrine prevents the Debtor from now seeking review of that determination in this Court. See Johnson v. Grandy, 512 U.S. 997, 1005-06 (1994) (citing District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983) and Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923)) ("[A] party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.").

If the Debtor does not agree with the decision of the Wayne County Circuit Court on February 14, 2011, the Debtor's remedy is to appeal that decision to the Michigan Court of Appeals, not to seek review of that decision in the Bankruptcy Court. The Debtor's motion for reconsideration does not meet the standard of L.B.R. 9024-1(a)(3). Accordingly,

**IT IS HEREBY ORDERED** that the Debtor's motion for reconsideration (docket entry no. 46) is denied.

**Signed on March 28, 2011**

                                                                                 /s/ Phillip J. Shefferly

Phillip J. Shefferly
United States Bankruptcy Judge